IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00075-GPG

JENNIFER M. STICKLER,

    Applicant,

v.

KIM ELLIS, Probation Officer, 4th Judicial District Colorado, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

ORDER OF DISMISSAL
___

I.  Background

    Applicant Jennifer Stickler initiated this action on January 12, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Applicant asserts that she pled guilty to one count of criminal impersonation in State of Colorado Case No. 2006CR5634, was convicted on March 20, 2007, and was sentenced to two years of supervised probation.  Application, ECF No. 1, at 1-2.  In an order entered on February 18, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.  Respondents also were directed to address whether subject matter jurisdiction is lacking in this action.

    Respondents filed their Pre-Answer Response, ECF No. 11, on March 11, 2015.  Applicant did not reply to the Pre-Answer Response within the time allowed.

    Applicant is challenging the continuation of her probation for the past nine years

based on her failure to pay the restitution owed.  Applicant's claims are difficult to decipher but the Court construes Applicant's claims as follows:

    1.  Ineffective assistance of counsel (never informed her of her right to appeal);

    2.  Applicant's postconviction motion has not been "adjudicated" and the case has been moved from one judge to another without justification;

    3.  Applicant has completed the two-year original probationary sentence and the continuing probation violations and sanctions imposed are constitutionally infirm;

    4.  Respondent Kim Ellis has perjured herself and not allowed any "fact finding mission" or "conclusions of law" to take place;"

    5.  The state district court continues to issue arrest warrants against her and has caused her to post bond at least two times; and

    6.  The imposition of restitution and payout order is illegal.

II.  Analysis

The Court must construe liberally the Application because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not "assume the role of advocate for the *pro se* litigant."  *See Hall*, 935 F.2d at 1110.

Applicant was charged with aggravated motor vehicle theft (over $15,000), theft ($500 to $15,000), and criminal impersonation.  Pre-Answer Resp., Attach. 1, ECF No. 11-1, at 4.  She pled guilty to criminal impersonation and on October 24, 2007, in exchange for the dismissal of the other charges was sentenced to two years of probation and restitution.  *Id.* at 15-16.  On April 29, 2008, a warrant was issued for Applicant's arrest because she had failed to comply with the terms of her probation.  *Id.* at 14.  Applicant was arrested on January 15, 2009, and subsequently found to have violated the conditions of her probation, which resulted in a revocation of the probation and a new two-year probation sentence being imposed with additional

conditions on February 3, 2009. *Id.* at 13. Then on January 7, 2011, the probation was extended for twelve months for Applicant to pay restitution, the payment of which was a condition of probation. *Id.* Shortly thereafter, on June 21, 2011, the trial court issued an arrest warrant based on Applicant's alleged failure to comply with the terms of her probation. *Id.* Applicant then filed a motion objecting to the restitution and inadequate probation hearing on January 15, 2013, which was denied, *id.*, and then followed by her arrest on May 28, 2013. *Id.* at 12. The case was reopened, and probation was "extended" on September 30, 2013, for 12 more months. *Id.* at 11.

Applicant also requested a stay of execution pursuant to Colo. Rev. Stat. § 16-12-103 and Colo. App. R. 8.1(a)(4) of the imposed probation order on November 1, 2013, and filed a notice of appeal on November 12, 2013. *Id.* at 11. The appeal, however, was dismissed when Applicant failed to pay the docket fee and failed to respond to the appellate court's order to show cause why the case should not be dismissed for that reason. Pre-Answer Resp., ECF Nos. 11-3 and 11-8, Attachs. 3 and 8. Another arrest warrant for failure to comply with probation was then issued on January 10, 2014. Attach. 1, ECF No. 11-1, at 10. Applicant was finally arrested a year later, on January 29, 2015, and is apparently now awaiting a hearing on her continued failure to comply with probation requirements. *Id.* at 9. A status conference was scheduled for March 30, 2015. *Id.* at 9.

   A. Custody Requirement

Pursuant to § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [she] is in custody in violation of the Constitution or laws of Treaties of the United States." An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed.

3

*Maleng v. Cook*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Relief generally is unavailable through a writ of habeas corpus when an applicant seeks to challenge a prior conviction for which the person no longer is in custody. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is in custody because he is obligated to appear at times and places ordered by the court); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was in custody under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence and job, and refraining from certain activities); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992).

Here, Applicant is subject to continuing probation until she has satisfied in full the restitution that she owes. She is required to provide random UA's and attend intensive outpatient programs. Pre-Answer Resp., ECF No. 11-1, Attach. 1 at 13. Applicant continues to be on probationary status. The restraints on her liberty, because of her criminal conviction, are not shared by the public generally. For purposes of § 2254(a) Applicant is in custody and this Court has authority to entertain her Application.

B. Timeliness

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). *See* ECF No. 7 at 4-6. Section 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of

4

>   habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For the following reasons, the Court will dismiss this action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and Applicant fails to demonstrate equitable tolling should apply.

Applicant was sentenced on October 24, 2007.  Possibly on February 3, 2009, she was subjected to resentencing and the time for purposes of § 2244(d) began to run again.  Applicant did not appeal the conviction and sentence.  At the latest, Applicant's conviction and sentence were final on March 20, 2009, when the time ran for appealing the sentence entered on February 3, 2009.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).  Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, she had forty-five days to file a notice of appeal after she was sentenced.

Accordingly, for purposes of § 2244(d), time began to run on March 21, 2009, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

The earliest filing by Applicant that possibly could be construed as a collateral attack of her conviction and sentence was a motion she filed on January 15, 2013, that objected to the restitution and inadequate probation hearing. ECF No. 11-1 at 13. The motion was filed almost four years after her conviction and sentence became final. Applicant does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to her claims, § 2244(d)(1)(C), or she was impeded by state action during this time from filing an application, § 2244(d)(1(B). Nor does Applicant assert that she could not have discovered the factual predicate of her claim through the exercise of due diligence. § 2244(d)(1)D).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if [she] shows (1) that [she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances

6

and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted). The inmate must allege with specificity the steps she took to pursue his federal claims. *Yang*, 525 F.3d at 930.

Applicant fails to assert any basis for finding equitable tolling under *Holland*. *See Mack*, 509 F. App'x at 760. Because the action clearly is time-barred, the Court will refrain from addressing any exhaustion issues.

The Court, therefore, will dismiss this action with prejudice as time-barred. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time barred operates as a dismissal with prejudice).

III. Conclusion

Based on the above findings, this action will be dismissed pursuant to 28 U.S.C. § 2244(d) as untimely.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.  It is

FURTHER ORDERED that because the action is dismissed pursuant to 28 U.S.C. § 2244(d), the Motion for the Appointment of Adequate and Effective Counsel, ECF No. 15, is denied as moot.

DATED at Denver, Colorado, this  7th  day of    April    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court